## Constantine Gunszfsky, Defendant in Error, v. Peoples Gas Light & Coke Company, Plaintiff in Error.

### Gen. No. 14,239.

1. MASTER AND SERVANT—*when not required to furnish safe place to work.* The rule that a master is required to exercise reasonable care to furnish a reasonably safe place to work does not apply where the conditions are changing from time to time in the prosecution of the work. If the nature of the work is such as to produce changes and temporary conditions in the place where the work is performed, the rule does not require the master to keep the place reasonably safe under such changed conditions which the work renders necessary.

2. MASTER AND SERVANT—*when doctrine of assumed risk applies.* Where the work which the servant is doing tended to create the dangers from which he suffered his injury, the law is that such servant is held to assume the risk of such dangers and the master is not responsible.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Reversed with finding of facts. Opinion filed December 18, 1908.

**Statement by the Court.** Defendant in error Gunszfsky brought an action in the Municipal Court of Chicago against The Peoples Gas Light & Coke Company, plaintiff in error, to recover damages for personal injury. The bill of particulars filed in that court by the plaintiff is as follows:

"Plaintiff's claim is that whereas on or about the 31st day of May, 1907, at the city of Chicago, state and county aforesaid, the defendant employed the plaintiff as a laborer to work as such in one of their buildings in said city and whereas it became the duty of the defendants to provide for plaintiff a reasonable safe place for him to work so not to endanger his life or limb, yet this defendants disregarding their duty negligently, carelessly and wantonly ordered the defendant

to do some digging in said building and the plaintiff although using due care and diligence was badly hurt and his head by reason of stone and debris falling on his head suffered great pains and anguish and was hindered from performing his daily work and therefore brings his suit for $1,000.''

On the trial of the cause the jury returned a verdict in favor of the plaintiff and against the defendant for $1,000, from which the plaintiff remitted $200 and the court denied a motion for a new trial and a motion in arrest of judgment, and entered judgment for $800 on the verdict.

The record shows that the plaintiff was employed by the defendant as a laborer at its Division street works in Chicago. The defendant Gas Company was engaged in putting concrete under the foundation walls of its building, for an additional support thereto. It first excavated the earth inside the foundation walls down to the level of the bottom of the foundations. In order to put the concrete under the foundation walls, it was necessary to excavate holes in the floor along and inside of the walls about two or three feet square and eighteen inches deep opposite to the places under the wall where concrete was to be put, for the men to stand in while digging under the wall. The manner of doing the work was to excavate a space under the wall about three feet long, the whole thickness of the wall and eighteen inches deep. When the digging was finished, the concrete was immediately put in under the wall and built up to it, and the remainder of the excavation was then filled in. Between these excavations under the wall were left solid dirt foundations of about six feet long to support the foundation wall until the concrete was put in. It so happened, however, that the hole or excavation which was dug nearest to the one in which the plaintiff was working was ten feet or more away from it. The place where the work was being done was light, and everything was open and in full view.

The plaintiff commenced working at the excavation at about 12:30 in the afternoon, and worked until about four or five o'clock, when some stones from the wall over the excavation fell on his head.

At the close of the plaintiff's case, and again at the close of all the evidence, the defendant moved the court to instruct the jury to find it not guilty. Both of these motions were denied and exceptions to the rulings were saved.

SEARS, MEAGHER & WHITNEY, for plaintiff in error; JAMES F. MEAGHER and EDWIN HEDRICK, of counsel.

NATHAN NEUFELD, for defendant in error; ISAAC E. KORN, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The record shows little controversy of fact. Besides the fact that the danger to which the plaintiff was exposed was open and obvious, it appears that the plaintiff had been warned of the danger by defendant's foreman that stones might become loose and fall and he had been instructed to be careful to be out of the way of such stones. The wall itself, as shown by the evidence, was in nowise defective or dangerous as it stood before the excavation was made. The wall and its foundation was in good condition and contained no defect or cause of danger. The work was done in a proper and careful manner. There is no evidence that any props or supports could or should have been placed under the wall at the point where plaintiff was digging, or that it was customary or usual or practicable to place supports under the wall while the digging was being done. It appears that the work was carefully done, not only in the usual and customary way of doing that kind of work, but that it was done in the only practical manner.

It is clear from the evidence, we think, that there

was nothing whatever which caused the stones to fall upon the plaintiff except his own digging of the earth from underneath the wall. When he began digging at the place where he was injured, the bottom of the wall at that place was on the level of the floor. This is nowhere questioned or qualified by any of the witnesses in their testimony. There was no danger or possibility of the wall or any stones in the wall falling until the digging was done by the plaintiff. When the plaintiff began to excavate the earth under the wall the conditions were changing every moment as he progressed with his work. Plaintiff knew all the facts and changing conditions as he proceeded with his work, and he knew them before the defendant could know them, unless the foreman stood there all the time. And even then, plaintiff knew better than any one else the existing conditions and dangers, for they were incident to and accompanied the work itself as the earth was removed by him. As the work progressed, the condition of safety was being changed momentarily to a temporary condition of danger, which was created by the digging itself. Plaintiff's testimony shows that he knew stones were liable to fall, for he told the foreman that he should brace them up.

Under the conditions and circumstances shown by the evidence the defendant was not required to exercise reasonable care to furnish the plaintiff, its servant, a safe place in which to work. The leading case, perhaps, in this state upon this subject is Village of Montgomery v. Robertson, 229 Ill. 466. In that case the defendant in error was in the employ of the plaintiff in error as a laborer, shoveling gravel in a gravel pit, and his leg was broken by the falling of a gravel bank. By his declaration he averred: "(1) That the gravel pit was a dangerous place to work, which was known to defendant and unknown to plaintiff; (2) that defendant failed to perform its duty to take reasonable care to provide plaintiff a reasonably safe place to work; (3) that plaintiff was directed by defendant's

foreman to work in a dangerous place, the danger being known to defendant and unknown to plaintiff; (4) that after discovering the danger plaintiff reported it to the defendant's foreman and was ordered to continue work''. And in the sixth count it was averred ''that the plaintiff was inexperienced in such work, and the defendant failed to warn him of the existing danger.''

In discussing the application of the general rule that the master must exercise reasonable care to furnish a safe place for his servant to work, the court said, at page 472 of the opinion: ''But that rule is subject to limitations and exceptions. One exception universally recognized is, that the general rule does not apply where the conditions are changing from time to time in the prosecution of the work. If the nature of the work is such as to produce changes and temporary conditions in the place where the work is performed, the rule does not require the master to keep the place reasonably safe under such changed conditions which the work renders necessary. (Thompson on Negligence, sec. 3876.) In such a case the master does not make or create the place or conditions, but they are created by the progress of the work and the workmen engaged in it. In this case the removal of the gravel created the attendant dangers, and while a master might become liable for an injury on account of some other fault or neglect, he would not be made liable under the rule here invoked. A master cannot be held to make a gravel pit safe for employes from moment to moment, when the natural support of the bank is being constantly removed and where the changing conditions must be watched and provided against by the laborers themselves''.

We think the same principles apply in this case as in the case just cited. The points of similarity are numerous and they are so obvious that it is unnecessary to state them. If the plaintiff seeks to recover on the ground that the foreman of the defendant or-

dered him to go to work in the building at a certain place and that he took such order as an assurance of the safety of the place, the answer is that at the time such order or assurance was given the place was perfectly safe; and in further answer may be quoted the following from the Robertson case, *supra,* at page 472 of the opinion:

"If what Noteman said was an assurance of safety at the time there was no wrong in giving the assurance, since the bank was then entirely safe and no accident occurred. Such an assurance could not continue indefinitely during the removal of the gravel. When the superintendent was there he had the bank broken down, and any assurance he might have given did not continue during subsequent changes, when a large amount of gravel was removed from the face of the bank".

It clearly appears from the record that the danger in the work the plaintiff was doing was in shoveling the earth from underneath the wall and that any loose stones in the wall might be left thereby without support and likely to fall when the digging was being done, and it was necessary always for the plaintiff to be on the lookout for the falling of such stones. The plaintiff cannot plead ignorance of the law of gravitation, and its effects on solid substances when their supports are removed. The defendant would have no reason to suppose or presume such ignorance, or that plaintiff needed instruction on that subject. There was no duty laid upon the defendant to warn the plaintiff of such dangers which are patent to ordinary intelligence. (Robertson case *supra.*)

The case of Cleveland, C., C. & St. L. Ry. Co. v. Brown, 73 Fed. 970, 974, is also in point, and holds that the rule under consideration is not applicable to a case like this, "where the place becomes dangerous in the progress of the work, either necessarily, or from the manner in which the work is done".

The case just cited is followed in Heald v. Wallace,

71 S. W. Rep. (Tenn.) 80. In that case Wallace was injured by the falling of a rock beneath which he was digging and undermining. He continued to undermine the rock until it fell upon him. The court said, at page 85 of the opinion: "We do not think this rule of the common law applicable in such a case. The principle invoked is usually applied to a permanent place, and not to such places as are constantly shifting and being transformed as the direct result of the employes' labor".

In this class of cases where the work which the servant was doing tended to create the dangers from which he suffered, it has been held that the servant assumed all such risks and the master was not responsible. Florence & C. C. R. Co. v. Whipps, 138 Fed. 13; Utica H. C. Co. v. Whalen, 117 Ill. App. 23; Welch v. Carlucci Stone, 64 Atl. (Pa.) 392; Livingstone v. Saginaw Plate Glass Co., 109 N. W. (Mich.) 431.

In our opinion, therefore, under the bill of particulars and the evidence, no recovery can be had, and the judgment must be reversed with a finding of facts.

*Reversed with finding of facts.*