John Dutkowiak, Appellee, v. Jacob Rodatz, Appellant.

Gen. No. 16,123.

VERDICTS—*when set aside with finding of facts.* Where the evidence establishes that the plaintiff who was a servant of the defendant had assumed the risk which resulted in his injury a judgment in his favor will be reversed with finding of facts.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the HON. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed with finding of fact. Opinion filed February 13, 1912.

F. J. CANTY and J. C. M. CLOW, for appellant.

B. M. THOMAS, for appellee; A. L. GETTYS, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

This is an appeal, in an action for personal injuries, from a judgment of the Circuit Court of Cook county, against Jacob Rodatz, appellant, in favor of John Dutkowiak, appellee, for $2,000. The jury by verdict assessed the damages at $4,000, appellee remitted $2,-000, and the judgment followed.

Appellant contracted to make excavations in the ground for Pettibone-Mulliken Company on the premises of that company in Chicago. The proposed pit was to be excavated immediately south of the south wall of the power house of said company, and was to be about eleven feet square and about ten or eleven feet deep. The location was such that a vestibule, or shanty, about six feet square, which protected a door in the south side of said power house had to be, and was, torn down and removed. The vestibule had rested on stone foundation walls, about four feet deep and sixteen inches thick, said walls being about flush with the top of the ground. The entire east foundation wall of the vestibule, and all of the south foundation wall, except a very small portion at its extreme westerly end, came within the limits of the proposed pit, and appellant, in carrying out his contract, was to remove said east and south foundation walls, but the west foundation wall of this vestibule, which was six or eight inches west of the west line of the proposed pit, was to remain in the ground. Appellant employed seven men to dig the pit, and appellee was one of the number, as was John Reimann, who acted as foreman. As the digging progressed, all dirt that was east of said west foundation wall was removed down to a level even with the bottom of said wall, which was about four feet from the surface of the ground. When this level was reached the men did not continue to dig further down on a line perpendicular with the east face

of said foundation wall, but they confined themselves' to the real westerly limit of the proposed pit, and thus a ledge or shelf, to the east of the east face of said' wall, of about eight inches was left, as the digging progressed downward, the top of which shelf or ledge, was on a level with the bottom of said wall.

On the afternoon of August 18, 1906, and when the excavations had been made to a depth of from eight to eleven feet below the surface of the ground, and while appellee was engaged in digging near the westerly boundary of said pit, the soil below said foundation wall gave way and the wall slid, but did not fall over, into the pit, and struck appellee on his leg, breaking the same. With the exception of about a foot at the surface, the soil consisted of hard, red or yellow clay. All of the men working in the pit had been doing this kind of work in Chicago for many years, were experienced men, and well acquainted with the nature and character of the different kinds of soil.

The declaration consisted of four counts, the various averments of which may be summarized as follows: That plaintiff was engaged as a laborer, together with other co-laborers, in doing excavating work in said pit; that defendant had a foreman in charge of the work and the laborers, including plaintiff, who was not plaintiff's fellow servant; that when the excavation had reached a depth of about six feet below the level of the bottom of said foundation wall there was great danger of said wall caving in and falling into said excavation, which danger said foreman knew, or by the exercise of ordinary care should have known; that plaintiff called said foreman's attention to the danger of said wall falling, but said foreman negligently assured plaintiff there was no danger, and ordered plaintiff to continue his work; that plaintiff suggested to said foreman that said wall be braced to prevent its falling, and said foreman promised him

that he would take steps to insure the wall not falling, and, if necessary, would prop up said wall, and ordered plaintiff to continue his work, and which promise said foreman negligently failed to keep; that plaintiff, relying on the "superior knowledge and judgment" of the foreman, and not appreciating the danger because of his "inexperience," and by reason of the promise of the foreman to prop up the wall, and by reason of the command of the foreman, continued his work; and that, while plaintiff was so working, and exercising ordinary care for his own safety, said wall caved in and fell, and injured plaintiff, etc.

On the trial, the plaintiff himself was the only witness on his behalf as to the accident, his other three witnesses being physicians who attended him. Plaintiff testified that he was fifty years of age; that he had worked for appellant for fourteen years, doing a lot of shovelling and digging in basements or trenches in Chicago in different kinds of soil; that he commenced digging in the pit on Thursday, and that he, with other laborers, dug continuously during working hours until he was injured on Saturday afternoon; that on said afternoon, just after the men had had lunch and had started to work, about five minutes past one o'clock, the foreman came along, and "*we* asked him if it was not dangerous with that wall up there, and he said, 'No, go ahead and work;' " that the hole was then about eleven feet deep and the wall rested on clay; that the foreman further said that if he saw that the wall was not able to stay there he would brace it up; that plaintiff continued digging; that Haak, a fellow laborer, was digging along side of him; that the foreman did not brace up the wall; that about twenty-five minutes after one o'clock the wall "slipped" and fell on plaintiff's leg and broke it; that when the foreman "told me to go to work after I had told him the wall looked dangerous, I don't know

exactly why I went to work;" that "I didn't think the wall was going to come down;" that the foreman did not do any digging that afternoon before plaintiff got hurt; that when we started to dig Saturday morning the bottom of the pit was then about on a level with the bottom of this foundation wall; that when plaintiff quit work Thursday night said foreman told him to leave this shelf there at the bottom of this foundation wall, but that when he started to dig on Saturday morning said foreman told him to dig flush with the wall, and that he dug away this shelf and that when he got hurt "all of that shelf had been dug away and the inside of the wall and the clay below it were even."

At the conclusion of the plaintiff's case, counsel for appellant moved the court to instruct the jury to find him not guilty, which motion was denied, and at the conclusion of all the evidence this motion was renewed and again denied, to which rulings exceptions were taken.

On behalf of appellant, the foreman, Reimann, testified, as did five laborers working in or about the pit at the time of the accident. From this testimony it appears that at the time of the accident the foreman was in the pit digging along side of plaintiff, and Haak, a co-laborer with plaintiff, was digging on the other side of plaintiff; that two other laborers were in the pit a short distance away throwing the dirt into wheelbarrows, and two other laborers were engaged in wheeling the wheelbarrows. Reimann testified he had been foreman for appellant for many years and was an experienced man as to the nature and character of various soils, that when he and plaintiff were digging, at the time of the accident, the soil all around was hard, red clay, that the said foundation wall was solid, with no cracks in it, that he at no time ordered plaintiff to take down said eight inch shelf or ledge, and that the same had not been taken down, and that it

was red clay and looked solid, that he had examined the soil and wall and did not notice anything about either that indicated that the wall would fall, that plaintiff at no time said anything to him, or he to plaintiff, as to danger of the wall falling, or anything about propping up the wall, nor did any of the other men. The other five laborers all corroborated the foreman as to the said eight inch shelf, or ledge, being there at the time of the accident; all testify that they at no time said anything, nor did they hear plaintiff say anything, to said foreman as to danger of the said wall falling, and that said wall, and the clay underneath it, were not cracked and appeared solid.

The principal errors assigned are that the trial court erred in not directing a verdict for appellant and in overruling appellant's motion for a new trial, and that the verdict and judgment is contrary to the manifest weight of the evidence and to the law; and counsel for appellant argues that the evidence clearly shows that appellant was not negligent, and that plaintiff assumed the obvious risk.

According to the testimony of plaintiff, it was five minutes after one o'clock on the afternoon of the accident, when plaintiff, as he says, spoke to Reimann about the wall, and it was twenty minutes later that the wall slipped down; and in the interim, plaintiff and the co-laborer, Haak, were continuously digging, side by side, in close proximity to said wall, and other co-laborers were working in the pit. The conditions were constantly being changed, and partially by plaintiff's own acts, and plaintiff was, himself, in a position to best observe those changing conditions. We think, after a careful review of the record, that under the facts disclosed, and the law as stated in the cases below cited, the trial court erred in entering the judgment in this case, and that the appellant was not guilty of negligence, and that plaintiff assumed the risk. Vil-

lage of Montgomery v. Robertson, 229 Ill. 466, 471-3; Elgin, etc., Railway Co. v. Myers, 226 Ill. 358, 365-7; Slagle v. Village of Averyville, 139 Ill. App. 423; Gunszfsky v. Peoples Gas Light & Coke Co., 145 Ill. App. 255, 257-60.

The judgment of the Circuit Court is, accordingly, reversed.

*Reversed, with finding of facts.*